**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Carlos Garcia,<br><br>Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV 18-504-TUC-LAB<br><br>**ORDER** |

The plaintiff, Juan Carlos Garcia, filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g). (Doc. 1, p. 1)

The Magistrate Judge presides over this case pursuant to 28 U.S.C. § 636(c) having received the written consent of both parties. *See* FED.R.CIV.P. 73; (Doc. 13)

In this case, the Administrative Law Judge (ALJ) failed to provide specific, clear, and convincing reasons for discounting the claimant's subjective symptom testimony. Accordingly, this case is remanded for further proceedings.

PROCEDURAL HISTORY

On July 23, 2014, Garcia filed an application for supplemental security income pursuant to Title XVI of the Social Security Act. (Tr. 99) He alleged disability beginning on April 9, 2009, due to PTSD (post-traumatic stress disorder), bipolar disorder, anxiety, diabetes, fractured vertebrae, and high blood pressure. (Tr. 99, 215)

His application was denied initially and upon reconsideration. (Tr. 123-126); (Tr. 133-136) Garcia requested review and appeared with counsel at a hearing before Administrative Law Judge (ALJ) Charles Davis on February 6, 2017. (Tr. 13) In his decision, dated July 3, 2017, the ALJ found Garcia was not disabled because, considering his age, education, work experience, and residual functional capacity, he could work as a Bench Assembler (DOT # 706.684-022), Stock Checker Apparel (DOT # 299.667-014), or Cashier II (DOT # 211.462-010). (Tr. 105-107)

Garcia requested review, but on May 22, 2018, the Appeals Council denied review making the decision of the ALJ the final decision of the Commissioner. (Tr. 114-117) Garcia subsequently filed this action seeking review of that final decision. (Doc. 1)

<u>Claimant's Work History and Medical History</u>

Garcia completed his GED (general equivalency degree) in 1998. (Tr. 216) His work history is somewhat sporadic. In 2001-2002, Garcia worked at the Timber Lodge Restaurant as a cook. (Tr. 35-37) In 2005, Garcia worked at Cunningham Concrete for "four to six months" digging ditches and tying rebar. (Tr. 35, 38)

In 2009, Garcia was involved in a serious traffic accident. (Tr. 25) His vehicle was hit and rolled over. (Tr. 25) His daughter was ejected from the vehicle and suffered a brain injury. (Tr. 25) Garcia suffered a back injury, which continues to cause him discomfort. (Tr. 25) For the pain, he takes Percocet and naproxen. (Tr. 29) Garcia testified that he has PTSD (post-traumatic stress disorder) resulting from the accident. (Tr. 32) He is very moody and has difficulty sleeping. (Tr. 32) He takes Diazepam for anxiety, but it causes him memory loss. (Tr. 34)

In 2011, he worked for six weeks at the rock and mineral show. (Tr. 15) He helped put up tents and stock tables. (Tr. 29) That year, he also worked as a landscaper and performed light construction work. (Tr. 31) In 2012, he applied for work at Acme Telemarketing, but he was not hired. (Tr. 16) At the hearing before the ALJ, Garcia explained that he could no longer work because of back and knee pain. (Tr. 16-17)

Garcia lives with his three children and their mother. (Tr. 18) On a typical day, Garcia exercises in the morning and then takes a walk. (Tr. 21) He can walk a mile, but it takes him about an hour because he stops to stretch every quarter mile. (Tr. 21, 23) He exercises and stretches with bands and rope. (Tr. 21) Sometimes he has good days, and sometimes, he says,"I'm on the floor screaming on my back because it's just too much for me . . . ." (Tr. 21) He can load the dishwasher or do a light load of clothes, "like towels or something." (Tr. 20) He can do a little bit of cooking. (Tr. 20) He does not do grocery shopping. (Tr. 20) He does not take out the trash. (Tr. 24) He volunteers as an usher at St. Ambrose on Sundays. (Tr. 22) He can drive his truck to his doctors' appointments. (Tr. 22) Garcia estimates he can lift six or seven pounds. (Tr. 24)

Valerie Williams testified at the hearing as a vocational expert. (Tr. 34) Williams testified that a person with Garcia's education, age, and work history, who can perform light work and is limited to simple, routine tasks with occasional, complex tasks with routine supervision and further limited to frequent communications with co-workers and the general public on a superficial work basis, could not perform any of Garcia's past relevant work. (Tr. 39-40) Such a person could work, however, as a Bench Assembler (DOT # 706.684-022), Stock Checker Apparel (DOT # 299.667-014), or Cashier II (DOT # 211.462-010). (Tr. 40)

In June of 2010, Garcia was examined by Stephen D. Bailey, Ed.D., for the disability determination service. (Tr. 350) Bailey diagnosed depressive disorder and anxiety disorder. (Tr. 351) He found no mental functional limitations. (Tr. 351)

In October of 2014, Garcia was examined by Jerome C. Rothbaum, M.D., for the disability determination service. (Tr. 516) Rothbaum diagnosed diabetes mellitus type II, obesity, history of low back pain, hypertension, post-traumatic stress disorder, and bipolar disorder. (Tr. 519) He opined that Garcia's conditions will not impose any significant functional limitations lasting 12 months. *Id*.

In October of 2014, Garcia's medical records were reviewed by Burnard Pearce, Ph.D., for the disability determination service. (Tr. 74) Pearce opined that Garcia suffers from an affective disorder. (Tr. 73) Analyzing the "B" criteria, he found that this disorder causes mild

restriction of activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace. (Tr. 73) Garcia has experienced no extended episodes of decompensation. (Tr. 73) The evidence does not establish the presence of the "C" criteria, which would make Garcia's affective disorder per se disabling. (Tr. 73)

Pearce analyzed Garcia's mental residual functional capacity and opined that he is moderately limited in his ability to understand and remember detailed instructions, his ability to carry out detailed instructions, his ability to maintain attention and concentration for extended periods, his ability to interact appropriately with the general public, and his ability to travel in unfamiliar places or use public transportation. (Tr. 75-76) In sum, Garcia "can perform simple and some, but not all, complex tasks with routine supervision," can "relate to supervisors, peers and the general public on a superficial work basis," and can "adapt to a work situation." (Tr. 77)

In November of 2014, Garcia's medical records were evaluated by David M. Bailey, M.D., for the disability determination service. (Tr. 66) Bailey opined that Garcia's spinal pain is a medically determinable impairment, but the condition "does not appear to impose more than a minimal limitation in his physical functional ability and thus is considered non-severe." (Tr. 72)

In May of 2015, Nathan Strause, M.D., and Eugene Campbell, Ph.D., examined Garcia's medical records for the disability determination services after Garcia's request for reconsideration. (Tr. 86) Strause found Garcia's physical limitations were non-severe. (Tr. 86-88) Campbell opined that Garcia suffers from affective disorder. (Tr. 89) He analyzed the "B" criteria and made the same findings as Pearce. (Tr. 89) He found the same limitations in Garcia's mental residual functional capacity that Pearce previously reported. (Tr. 89-93)

CLAIM EVALUATION

Social Security Administration (SSA) regulations require that disability claims be evaluated pursuant to a five-step sequential process. 20 C.F.R. § 416.920. The first step

requires a determination of whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4). If so, then the claimant is not disabled, and benefits are denied. *Id.*

If the claimant is not engaged in substantial gainful activity, the ALJ proceeds to step two, which requires a determination of whether the claimant has a severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4). In making a determination at step two, the ALJ uses medical evidence to consider whether the claimant's impairment significantly limits or restricts his or her physical or mental ability to do basic work activities. *Id*. If the ALJ concludes the impairment is not severe, the claim is denied. *Id*.

Upon a finding of severity, the ALJ proceeds to step three, which requires a determination of whether the impairment meets or equals one of several listed impairments that the Commissioner acknowledges are so limiting as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4); 20 C.F.R. Pt. 404, Subpt. P, App.1. If the claimant's impairment meets or equals one of the listed impairments, then the claimant is presumed to be disabled, and no further inquiry is necessary. *Ramirez v Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993). If the claimant's impairment does not meet or equal a listed impairment, evaluation proceeds to the next step.

The fourth step requires the ALJ to consider whether the claimant has sufficient residual functional capacity (RFC)[1] to perform past relevant work. 20 C.F.R. § 416.920(a)(4). If yes, then the claim is denied. *Id*. If the claimant cannot perform any past relevant work, then the ALJ must move to the fifth step, which requires consideration of the claimant's RFC to perform other substantial gainful work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a)(4).

The ALJ's Findings

1 Residual functional capacity is defined as that which an individual can still do despite his or her limitations. 20 C.F.R. §§ 404.1545, 416.945.

At step one of the disability analysis, the ALJ found Garcia engaged in substantial gainful activity in 2011. (Tr. 101) In that year, he earned $15,098, which exceeds the minimum earning threshold that was $1000 per month for 2011. (Tr. 101) Nevertheless, the ALJ found there was a 12-month period during which Garcia did not engage in substantial gainful activity, so he continued the disability analysis. (Tr. 101)

At step two, the ALJ found Garcia "has the following severe impairments: degenerative disc disease, anxiety and depression." (Tr. 101) At step three, the ALJ found Garcia "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." (Tr. 101)

The ALJ then analyzed Garcia's residual functional capacity (RFC). He found Garcia "has the residual functional capacity to perform light work[2] as defined in 20 CFR 416.967(b) with the additional non-exertional limitations: Claimant can perform simple, repetitive routine tasks and occasionally complex tasks with routine supervision[; he] can frequently interact with the public and co-workers on a superficial work basis." (Tr. 102-103)

At step four, the ALJ found Garcia is unable to perform any past relevant work. (Tr. 105) At step five, the ALJ found, based on the testimony of the vocational expert, that, considering his age, education, work experience, and residual functional capacity, Garcia can work as a Bench Assembler (DOT # 706.684-022), Stock Checker Apparel (DOT # 299.667-014), or Cashier II (DOT # 211.462-010). (Tr. 105-106)

STANDARD OF REVIEW

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b) "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

To qualify for disability benefits, the claimant must demonstrate, through medically acceptable clinical or laboratory standards, an inability to engage in substantial gainful activity due to a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A).

The findings of the ALJ are meant to be conclusive. The decision to deny benefits "should be upheld unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is "more than a mere scintilla but less than a preponderance." *Id.*

"Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Orn*, 495 F.3d at 630. "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.*

"An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment." *Orn*, 495 F.3d at 635 (punctuation modified). "However, to discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Id*. "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id*. If the ALJ does not find "affirmative evidence" of malingering, "those reasons for rejecting the claimant's testimony must be clear and convincing." *Id*.

<u>Discussion</u>

Garcia argues first that the ALJ improperly discounted his subjective testimony of disabling pain. He is correct; this action will be remanded for further proceedings. The court does not reach Garcia's alternate claims of error.

"When an Administrative Law Judge (ALJ) determines that a claimant for Social Security benefits is not malingering and has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [he] alleges, the ALJ may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015). "[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Id*. at 489. "To ensure that . . . the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, . . . the ALJ [must] specify which testimony [he] finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." *Id*.

In this case, the ALJ analyzed Garcia's subjective testimony as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 103) He then summarized the medical evidence upon which he based his evaluation of Garcia's residual functional capacity (RFC). He reviewed Garcia's spinal MRIs and his subsequent treatment for back pain. (Tr. 103-104) He then reviewed Garcia's treatment for anxiety and depression in 2009. (Tr. 104) The ALJ then stated in conclusory fashion that "[t]he residual functional capacity set forth above addresses the claimant's symptoms to the degree supported by the evidence as a whole." (Tr. 104) This is insufficient.

The ALJ found Garcia is not malingering and objective evidence of an underlying severe medical impairment. Under these circumstance, the ALJ may "reject the claimant's testimony

about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

The ALJ's summary of the medical evidence, however, does not constitute "specific, clear and convincing reasons" for discounting Garcia's subjective testimony. The ALJ did not identify specifically which of Garcia's statements he disbelieved. Neither did he link those statements with specific parts of the record to show why the ALJ found those statements less than credible. *See Brown-Hunter v. Colvin*, 806 F.3d at 494 ("[P]roviding a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible."). The ALJ's analysis is insufficient to allow meaningful review of his credibility determination.

The Commissioner argues that one could find, from the medical record, reasons to discount Garcia's subjective pain testimony. For example, in the medical record there is an entry stating that Garcia takes pain medication "only on 'bad' days." (Doc. 18, p. 7) This, she argues, is some evidence that Garcia does not experience disabling pain. *Id*. In addition, she points to Garcia's testimony about his activities of daily living. *Id*., p. 8. Garcia testified that he can walk a mile, helps with the laundry, and serves as an usher at church. *Id*. These activities, she argues, are further evidence that discounts Garcia's subjective pain testimony. *Id*.

The ALJ, however, did not advance these arguments. And the court cannot affirm the ALJ's decision based on arguments he did not make himself. *See Bray v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

Garcia suggests that in light of the ALJ's failure to properly discredit his subjective pain testimony, this court may exercise its discretion and remand for an award of benefits. (Doc. 17, p. 13) Remand for payment of benefits, however, is not appropriate where, as in this case, the

court has serious doubts as to whether the claimant is actually disabled. *See Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). For example, in 2011, two years after his alleged onset of disability, it appears that Garcia was performing significant gainful activity. (Tr. 101) Moreover, Garcia has not identified any physician's report that opines that he is, in fact, disabled. Under these circumstances, the court will not order remand for payment of benefits.

The court finds that final decision of the Commissioner is not free from legal error. Accordingly,

IT IS ORDERED that the final decision of the Commissioner is reversed and the case is remanded on an open record for further proceedings.

DATED this 6th day of June, 2019.

Leslie A. Bowman
United States Magistrate Judge