**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Juan Carlos Garcia, | ) | No. CIV 18-504-TUC-LAB |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

Pending before the court is the plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), filed on August 29, 2019. (Doc. 22)

The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g). In an order issued on June 7, 2019, this court reversed the Commissioner's final decision and remanded the case for further proceedings. The plaintiff moves for attorneys' fees in the amount of $9,690.47 pursuant to the EAJA, 28 U.S.C. § 2412. (Doc. 22); (Doc. 25, p. 9)  The defendant filed a response arguing that the motion for attorney's fees should be denied because the government's position was substantially justified and, in the alternative, that the fees requested are not reasonable. (Doc. 24)

Discussion

Pursuant to the Equal Access to Justice Act (EAJA):

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless* the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust.

*Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (quoting 28 U.S.C. § 2412(d)(1)(A)) (emphasis added). The phrase "fees and other expenses" includes reasonable attorneys' fees. *Shafer*, 518 F.3d at 1071.

The plaintiff in this case argues that attorney's fees in the amount of $9,690.47 should be awarded. (Doc. 22); (Doc. 25, p. 9) The Commissioner argues the motion should be denied because, among other things, the government's position was "substantially justified." (Doc. 24)

"'Substantial justification' under the EAJA means that the government's position must have a reasonable basis in law and fact." *Shafer*, 518 F.3d at 1071. "The government's position must be substantially justified at each stage of the proceedings." *Id.* "It is the government's burden to show that its position was substantially justified." *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014).

In this case, the court reversed the decision of the administrative law judge (ALJ) because he "reject[ed] the claimant's testimony about the severity of [his] symptoms" without "offering specific, clear and convincing reasons for doing so." (Doc. 20, pp. 8-9) (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015)). The ALJ summarized the medical evidence in support of his residual functional capacity finding, but he failed to identify specifically which of the claimant's statements he disbelieved and why. (Doc. 20, p. 9) This was error in violation of controlling Ninth Circuit law. *See Brown-Hunter v. Colvin*, 806 F.3d at 493.

The Ninth Circuit considers a procedural error of this type to be a "basic and fundamental" error. *Shafer*, 518 F.3d at 1071-72 (discussing the ALJ's failure to provide "clear and convincing" reasons for discounting a treating physician's opinion). Absent special circumstances, "the defense of basic and fundamental errors . . . is difficult to justify." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). Accordingly, this court finds that the

Commissioner's decision to defend the ALJ's error here was not substantially justified. *See, e.g., Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008); *Solomon v. Comm'r of Soc. Sec.*, 2019 WL 1599419, at *3 (E.D. Cal. 2019) (Where the ALJ's "failure to provide legally adequate reasons for rejecting the testimony of the claimant and the third-par[t]y witnesses was contrary to controlling law in this circuit," the Government's position was not "substantially justified.").

The Commissioner further argues that the fees requested by the claimant are not reasonable. The court considers the Commissioner's arguments in turn.

First, the Commissioner objects to counsel's use of "block billing." Block billing is a practice in which the practitioner reports a single block of time and lists a number of tasks performed during that time. Block billing is disfavored because it is difficult to determine how much time was spent on each task, which is problematic if some of the tasks are not compensable.

The Commissioner objects specifically to counsel's entry on October 4, 2018 for 3.5 hours for "conference with a staff member, reviewing the ALJ's decision and exhibits, conducting legal research, drafting the Complaint, and emailing the office for an unknown reason." (Doc. 24, pp. 8-9) He does not, however, explain why he finds this particular entry objectionable beyond his general argument that block billing is disfavored. The court finds the listed tasks to be compensable. Accordingly, the fact that they were grouped together is not particularly troubling.

The Commissioner complains about block billing on October 11, 2018 and February 20, 2019 because counsel spent part of that time "to review filed documents, which is an unnecessary clerical task that is not compensable." (Doc. 24, p. 9) The court does not agree. Reviewing a pleading for spelling errors would be a clerical task, but reviewing a pleading with an eye toward making one's arguments as clear and persuasive as possible is a job for counsel and therefore compensable. The court assumes that counsel was engaged in the latter task. The former seems now to be entirely left to the computers.

1    The Commissioner further argues that "counsel's time spent preparing the Complaint was excessive." (Doc. 24, p. 9) Here, counsel reports spending approximately 4 hours preparing the Complaint. This, the Commissioner argues, is excessive because a Social Security complaint need only provide a bare minimum of information.

In this case, counsel's complaint is longer and more detailed than most Social Security complaints this court has seen. It is apparently counsel's practice to spend time early in the case examining the record and identifying issues. This practice requires spending relatively more time preparing the complaint than is the general practice, but time spent at the complaint stage is time that will serve counsel well when the merits briefs are eventually prepared. Indeed, it is possible, as counsel explains, that a well prepared complaint can persuade the Commissioner that this case should be remanded before the case is fully briefed, which would save all parties time and money. Counsel's approach is unorthodox, but his total EAJA request is not significantly larger than those submitted by other practitioners in this area. Accordingly, the court cannot conclude that his approach is either inefficient or redundant.

The Commissioner further argues that counsel spent too much time preparing the merits briefs. He notes that Attorney Larkin spent 16 hours preparing the initial draft, Attorney Caldwell spent 7.5 hours editing the draft, Attorney Larkin spent 0.5 hours editing the brief, and an additional 1.1 hours were spent in emails between attorneys and staff. (Doc. 24, p. 11) The Commissioner argues that 16 hours was an appropriate amount of time to prepare and edit the opening brief.

The Commissioner, however, provides no support for his assertion that 16 hours should be the standard. And without more, this court is disinclined to second-guess counsel's conduct in prosecuting his case. As the Ninth Circuit has observed, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Accordingly,

IT IS ORDERED that the plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), filed on August 29, 2019, is GRANTED. (Doc. 22) The plaintiff is awarded attorneys' fees in the amount of $9,690.47.

It is the court's understanding that the government will determine whether the plaintiff owes the government a debt subject to offset and, if not, then payment may be made to counsel. (Doc. 24, pp. 12-13)

DATED this 25th day of September, 2019.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge

- 5 -